## Fourth Department, May, 1938.
### (May 4, 1938.)

Dan S. O'Leary, Residing at 153 Alabama Street, Buffalo, New York, Respondent, v. Hearst Magazines, Inc., a Delaware Corporation, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur, except Sears, P. J., who dissents and votes for reversal and for dismissal of the complaint. (The order denies defendant's motion for judgment on the pleadings and for dismissal of the complaint, in an action for libel.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ. [167 Misc. 481.]

Maude E. Gildersleeve, Respondent, v. Charles Gildersleeve and Another, Appellants.— Judgment affirmed, with costs. All concur. (The judgment restrains defendants from cutting off the supply of water to plaintiff's premises.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

In the Matter of the Estate of Nicoletta Polito, Also Known as Nicoletta T. Poleto, Deceased.— Decree modified on the law by limiting its effect to the deposit in the Buffalo Savings Bank at the death of the testatrix, with earned interest, which deposit is decreed to be the property of the petitioner, without prejudice to any claim by Andreia Giallombardo which may be made by him against the estate of Nicoletta Polito, or the executor thereof, for the balance, if any, alleged to be due to him from said estate by reason of the fact that on January 21, 1924, and on various dates thereafter, the decedent received from the petitioner funds to be held by her in trust for his use and benefit, and as modified affirmed, without costs. Memorandum: We are of the opinion that under section 206-a of the Surrogate's Court Act, the surrogate was without authority in this proceeding to direct the executor to pay over to petitioner a sum of money in excess of that which stood to the credit of the decedent in her account in Buffalo Savings Bank on the date of her death, with earned interest thereupon. All concur. (The decree directs the executor of decedent's estate to pay to petitioner money held in trust by decedent for petitioner.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

Lena Lecastro, as Administratrix, etc., of Dominick Lecastro, Deceased, Respondent, v. The City of Rome, New York, Appellant. — Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action for damages for the death of plaintiff's intestate in a swimming pool. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

Joseph A. Broderick, as Superintendent of Banks of the State of New York, Appellant, v. Dean G. Crippen, Respondent.— Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs, on the authority of White v. Bevilacqua (273 N. Y. 282). Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. All concur. (The judgment is for plaintiff in an action to recover assessment on bank stock, the amount previously contributed being deducted therefrom.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.